UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATHANIEL MCBRIDE,

    Plaintiff,

v.                                                               Case No. 5:19-cv-246-Oc-40PRL

WARDEN, FCC COLEMAN - USP II,

    Defendant.

_____

## ORDER

Plaintiff, an inmate at the Coleman Federal Correctional Complex, alleges in his *pro se* complaint[1] that Defendants acted with deliberate indifference to his medical care, in violation of the Eighth Amendment (Doc. 1). The Warden has moved to dismiss Plaintiff's case, alleging that he has failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA) (Doc. 14). Plaintiff has filed a response to the motion to dismiss (Docs 16). For the reasons discussed below, Defendant's motion to dismiss is due to be granted.

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is DENIED. Plaintiff's initial partial filing fee under the PLRA would be $645.41, which exceeds the filing fee of $400.00. (Doc. 10.) His average monthly deposits for the six months prior to

---

[1] The complaint is filed pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing suits against individual federal officials).

his suit were $3,227.07 and his current balance is $1571.59.[1] He is hereby assessed the full filing fee of $400.00. The Clerk is directed to send a copy of this Order to the Supervisor, Inmate Accounts, at Plaintiff's current place of incarceration.

## EXHAUSTION REQUIREMENT OF THE PLRA

The PLRA, at 42 U.S.C. § 1997e, reads:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff is required to exhaust his administrative remedies before filing suit, regardless of the relief offered through administrative procedures. *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

The Bureau of Prisons has a three-level administrative remedy process if informal resolution procedures fail to achieve the inmate's desired results. *See* 28 C.F.R. § 542.10, *et seq*. The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied, he may file a Regional Appeal with the Regional Office for the geographic region in which the inmate is confined. If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel. Proper exhaustion requires the completion of all three steps of review. *Irwin v. Hawk*, 40 F.3d 347, 349, n. 2 (11th Cir. 1994) ("An inmate has not fully exhausted his administrative remedies until he has appealed through all

---

[1] The Court notes that in his May 13, 2019, motion to proceed *in forma pauperis*, Plaintiff declared "under the penalty of perjury that [he has] 0 dollars in [his] inmate truest account." (Doc. 2.)

three levels."); *Jones v. Bock*, 549 U.S. 199, 211 (2002) (unexhausted claims are not permitted).

## DISCUSSION

Defendant has presented the sworn declaration of Jeanie Register, Legal Assistant Coleman. (Doc. 14, Exh. 2). Register attests that after reviewing BOP records, Plaintiff filed only one administrative remedy while in BOP Custody– a July 6, 2012, remedy appealing a disciplinary hearing that was filed prior to the initiation of this suit in 2019. That remedy was rejected and Plaintiff did not pursue any further steps in the BOP's process. Plaintiff has not filed any administrative remedies related to the present suit. In his response, he attaches two "Inmate Request to Staff" forms complaining of tooth pain dated April 30 and May 14, 2019. (Doc. 16.) He also includes an "Informal Resolution Form" dated May 21, 2019. (Doc. 16, pp. 20, 21, 27.) This may show that Plaintiff initiated the first step in the exhaustion process at or near the time of filing suit (his complaint was received May 16, 2019), he did not exhaust his administrative remedies <u>prior</u> to filing suit, as required by the PLRA. Therefore, this case is due to be dismissed.

## CONCLUSION

Because unexhausted claims are not permitted, Defendant's motion to dismiss (Doc. 14) is GRANTED. This case is DISMISSED without prejudice for the failure to exhaust administrative remedies. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Orlando, Florida, on September 11, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties
SA: OCAP-2